Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

RONALD HARRIS, JR.,

    *Defendants*.

Crim. Action No. 11-339 (JMV)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court on the motion for early termination of supervised release (D.E. 59) by Defendant Ronald Harris, Jr., who is proceeding *pro se*. The Government opposes the motion (D.E. 60), and United States Probation Office ("Probation") submitted an informational letter. The Court reviewed all submissions, and for the reasons that follow, Harris' motion is **DENIED**.

**Background**

    On May 16, 2011, Harris pled guilty before Judge Hochberg to a two-count Information charging him with conspiracy to commit wire fraud and conspiracy to engage in monetary transactions in criminally derived property. D.E. 32. The charges arose from Harris' involvement in a mortgage foreclosure rescue scam. Judge Hochberg sentenced Harris to 46 months in prison followed by 60 months of supervised release. D.E. 48. Judge Hochberg imposed the following special conditions: alcohol/drug testing and treatment, cooperation with the Internal Revenue Service, new debt restrictions, self-employment/business disclosure,

occupation restrictions (concerning mortgage rescue, home foreclosure, and real estate lending), and cooperation with Probation as to Harris' financial records. *Id.* Judge Hochberg also imposed the standard conditions, which included not committing another offense, not illegally possessing a controlled substance, and working at a lawful occupation. *Id.* Judge Hochberg also ordered Harris to pay a $12,500 fine and restitution of $1,843,712.34 (to be paid in minimum monthly installments of $250). *Id.*

After completing the Bureau of Prison's Residential Drug Abuse Program, Harris was released early from prison. He then served several months in a halfway house. His supervised release began on April 3, 2015 and is scheduled to expire on April 2, 2020.

Harris filed his first motion for early release on July 25, 2016. D.E. 54. The Court denied the motion without prejudice. D.E. 58.

Harris then filed the current motion on August 31, 2017. D.E. 59. Harris lists the following support his motion: he has been in compliance with Probation, he has not had any incident with law enforcement, he has made timely restitution payments, he has not used illicit drugs or alcohol, and he has volunteered weekly at a local church to feed the less fortunate. *Id.* Harris also notes that he was transferred to Probation's "Low Intensity Caseload" in March 2017. *Id.* In opposing the motion, the United States asserts that Harris has not shown sufficient changed circumstances to justify his early release. D.E. 60. The United States notes that, for the most part, Harris justifies his motion by pointing to his compliance with his conditions and special conditions of supervised release. *Id.*

**Analysis**

18 U.S.C. § 3583(e)(1) permits a court, after considering the factors in 18 U.S.C. § 3553(a), to terminate supervised release after a year if the court is "satisfied that such action is

warranted by the conduct of the defendant and the interests of justice." Early termination is generally left to the discretion of the court. *United States v. Paterno*, 2002 WL 1065682, *2 (D.N.J. April 30, 2002) (citations omitted). In addition, a defendant must show usually show changed circumstances, such as "exceptionally good behavior," because mere compliance with the terms of supervised release is insufficient standing alone. *Id.* at *2; *see also United States v. Kay*, 283 Fed. Appx. 944 (3d Cir. June 30, 3008) (noting, but without deciding, that "a noteworthy change in circumstances" can be considered a sensible basis for a trial judge's exercise of discretion in an early termination proceeding) *United States v. Wilson*, 2017 WL 3332261, *2 (D.N.J. Aug. 4, 2017).[1]

When considering the Section 3553(a) factors, the need to prevent unwarranted disparity weighs against Harris' request. With the exception of his weekly church work, Harris' basis his motion on the fact that he has been compliant with his conditions of supervised release. While the Court commends him for not running astray, the Court also recognizes that compliance with such terms is what is expected of Harris and any other person on supervised release. Also, the nature and circumstances of the offense also weighs against granting Harris' motion. Harris was the owner and operator of two fraudulent mortgage foreclosure companies. The scheme, moreover, was complex and extensive, including the filing of fraudulent liens on the foreclosed properties, recruiting straw buyers, and laundering ill-gotten gains. Finally, the scheme was

---

[1] The Judicial Conference on Criminal Law has also elaborated on § 3583(e)(1) statutory criteria and recommended that parole officers evaluate nine factors when deciding whether to approve early termination of supervised release. Those factors are: (1) stable community reintegration (e.g., residence, family, employment); (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction, particularly large drug or fraud offenses; (4) no history of violence; (5) no recent arrests or convictions; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public safety.

significant, causing over $10 million in losses and resulting in specific gains to Harris over $1 million. In addition, while he has been making his monthly payments, they pale in comparison to the total amount that he still owes. As a result, the Court denies Harris' motion.

For the foregoing reasons, and for good cause shown,

It is on this 24th day of October, 2017,

**ORDERED** that Defendant Harris' motion to for early termination of his supervised release(D.E.59) is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Defendant Harris by certified mail return receipt.

s/ John Michael Vazquez  
John Michael Vazquez, U.S.D.J.